OPINION
{¶ 1} Appellant Jerome D. Christian, Sr., asserts that his sentence for five felony counts of receiving stolen property must be vacated because the trial court failed to consider the statutory factors for imposing maximum sentences and failed to specify whether the prison terms were to be served concurrently or consecutively. The state has filed a notice to this Court that it would not be filing a brief on appeal and that the matter should be remanded for resentencing. The record reflects that both of the alleged errors did in fact occur, and this case is hereby remanded for resentencing.
 {¶ 2} On December 4, 2003, Appellant was indicted in the Mahoning County Court of Common Pleas on one count of receiving stolen property (a fifth degree felony), and one count of forgery (a fourth degree felony). On the same day Appellant was charged by direct presentment with four additional counts of receiving stolen property and four additional counts of forgery. These charges arose after Appellant wrote five checks drawn from an account he was not authorized to access. The total amount withdrawn was $240, and no check exceeded $60.
 {¶ 3} On February 2, 2004, Appellant entered into a Crim.R. 11 plea agreement and agreed to plead guilty to the five counts of receiving stolen property, all fifth degree felonies pursuant to R.C. § 2913.51(A), (C). The state agreed to dismiss the five forgery charges. A fifth degree felony is punishable by up to 12 months in prison. R.C. § 2929.14(A)(5).
 {¶ 4} Sentencing was scheduled for April 1, 2004. The trial court granted Appellant a continuance in order for him to pay restitution to the victim. The sentencing hearing was held on April 8, 2004. Appellant failed to pay restitution of $240 to the victim, and the court denied a further continuance of the hearing. The state agreed to remain silent at the sentencing hearing and presented no recommendations for sentencing. Appellant attempted to explain to the court why he had not yet made restitution, stating that his mother had agreed to lend him the money, but that a medical emergency made it impossible. The court then sentenced Appellant to, "serve a term of one year on each of the five counts in the amended indictment." (4/8/04 Tr., p. 11.) He was also ordered to pay restitution to the victim. No mention was made as to whether the prison terms were to be served concurrently or consecutively. The court's subsequent judgment entry of sentencing is also silent on the issue of concurrent or consecutive sentences.
 {¶ 5} Appellant filed a pro se notice of appeal on April 19, 2004. This Court appointed counsel for Appellant on April 26, 2004. Appellant filed his brief on August 6, 2004. On November 15, 2004, Appellee filed a "Notice to the Court," stating that it would not be filing a responsive brief and asking that the case be remanded for resentencing. With no Appellee's brief in the record, App.R. 18(C) allows this Court to, "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonable appears to sustain such action."
 {¶ 6} Appellant has raised two related assignments of error concerning his sentence:
 {¶ 7} "The trial court erred in sentencing appellant to serve maximum terms of imprisonment on all five counts of receiving stolen property as it failed to comport with the requisite statutory criteria.
 {¶ 8} "The trial court erred when it failed to specify whether appellant's sentences were to run concurrently or consecutively."
 {¶ 9} Appellant argues that the trial court did not follow the statutory requirements for sentencing a defendant for fifth degree felony convictions, referring to R.C. §§ 2929.13(B) and 2929.19(B)(2)(a); for imposing maximum sentences, referring to R.C. §§ 2929.14(C) and2929.19(B)(2)(d); and for imposing consecutive sentences, referring to R.C. §§ 2929.14(E)(4) and 2929.19(B)(2)(c).
 {¶ 10} A defendant who pleads guilty to two or more offenses arising out of a single incident may appeal the imposition of the maximum sentence as a matter of right if the court imposed the maximum sentence for the offense of the highest degree. R.C. § 2953.08(A)(1)(b). Additionally, if the court imposes a prison term for a felony of the fourth or fifth degree without specifying at sentencing that it found one or more of the factors delineated in R.C. § 2929.13(B)(1)(a) to (i) apply, a defendant may appeal his sentence as a matter of right. R.C. §2953.08(A)(2). Finally, a defendant may appeal as a matter of right when his sentence is contrary to law. R.C. § 2953.08(A)(4).
 {¶ 11} Because Appellee presents no arguments on appeal, and in fact concedes that the matter should be remanded for resentencing, it appears reasonable to sustain Appellant's assignments of error. The Ohio Supreme Court has held that a trial court must make findings and give supporting reasons on the record to support imposing maximum prison terms, pursuant to R.C. §§ 2929.14(C) and 2929.19) (B) (2) (d). State v. Edmonson (1999),86 Ohio St.3d 324, 329, 715 N.E.2d 131. The Supreme Court has applied the same rationale to the findings required for imposing consecutive sentences and sentences above the minimum sentence, and has further held that the findings must be made orally at the sentencing hearing. Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 12} The trial court made a finding that Appellant posed the greatest likelihood of committing future crimes, which is a finding required for imposing a maximum sentence. The court did not give reasons to support this finding. Furthermore, it is not clear from the record whether the court intended to impose concurrent or consecutive sentences.
 {¶ 13} The record reasonably supports that the errors asserted in this appeal occurred. Appellant's sentence is hereby vacated and this case is remanded to the Mahoning County Court of Common Pleas for resentencing.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.