OPINION
{¶ 1} Defendant-appellant, Jerome D. Christian, Sr., appeals his conviction and sentence in the Mahoning County Common Pleas Court for five counts of receiving stolen property.
 {¶ 2} On December 4, 2003, a Mahoning County grand jury indicted appellant on one count of receiving stolen property, R.C. 2913.51(A), (C), a fifth-degree felony, and one count of forgery, in violation of R.C. 2913.21(A)(3), (C)(1), a fourth-degree felony. That same day appellant was charged by direct presentment with four additional counts of receiving stolen property and four additional counts of forgery. These charges arose after appellant wrote five checks drawn from an account he was not authorized to access. The total amount withdrawn was $240, and no check exceeded $60.
 {¶ 3} On February 2, 2004, appellant entered into a Crim.R. 11 plea agreement and agreed to plead guilty to the five counts of receiving stolen property in violation of R.C. 2913.51(A), all fifth-degree felonies under R.C. 2913.51(C). The State agreed to dismiss the five forgery charges. For a fifth-degree felony, the sentencing court may impose a term of imprisonment of six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5).
 {¶ 4} Sentencing was scheduled for April 1, 2004. The trial court granted appellant a continuance in order for him to pay restitution to the victim. The sentencing hearing was held on April 8, 2004. Appellant failed to pay restitution of $240 to the victim, and the court denied a further continuance of the hearing. The State agreed to remain silent at the sentencing hearing and presented no recommendations for sentencing. Appellant attempted to explain to the court why he had not yet made restitution, stating that his mother had agreed to lend him the money, but that a medical emergency made it impossible. The court then sentenced appellant to "serve a term of one year on each of the five counts in the amended indictment." (April 8, 2004 Tr., p. 11.) He was also ordered to pay restitution to the victim. No mention was made as to whether the prison terms were to be served concurrently or consecutively. The court's subsequent judgment entry of sentencing was also silent on the issue of concurrent or consecutive sentences.
 {¶ 5} Appellant appealed his sentence to this Court arguing that it should be vacated because the trial court failed to consider the statutory factors for imposing maximum sentences and failed to specify whether the prison terms were to be served concurrently or consecutively. State v. Christian, 7th Dist. No. 04 MA 64, 2005-Ohio-2384. This Court held that the trial court failed to give supporting reasons required for imposition of the maximum sentence and that the trial court failed to indicate whether the sentences were to be concurrent or consecutive. Id.
 {¶ 6} On May 17, 2005, upon remand for resentencing, the trial court sentenced appellant as follows: six months each on counts one and nine to be served concurrently with one another; six months each on counts five and seven, to be served concurrently with one another and consecutively with the term imposed for counts one and nine; six months for count three to be served consecutively with the terms imposed for counts five and seven and counts one and nine. The resulting aggregate sentence was eighteen months. This second appeal now follows.
 {¶ 7} Appellant's first assignment of error states:
 {¶ 8} "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES."
 {¶ 9} In this case, appellant pleaded guilty to five counts of receiving stolen property in violation of R.C. 2913.51(A), all fifth-degree felonies under R.C. 2913.51 (C). For a fifth-degree felony, the sentencing court may impose a term of imprisonment of six, seven, eight, nine, ten, eleven, or twelve months. R.C.2929.14(A)(5). The trial court sentenced appellant to the minimum term, six months, on each of the counts. However, the trial court did order three of those sentences to be served consecutively for an aggregate prison term of eighteen months.
 {¶ 10} While this appeal was pending, the Ohio Supreme Court held that the provisions of the Revised Code relating to consecutive sentences, R.C. 2929.14(E)(4) is unconstitutional because they require a judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before imposition of a sentence greater than the "statutory maximum." State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, paragraphs one and three of the syllabus. (Apprendiv. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435; Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403; and United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, followed.)
 {¶ 11} The Court went on to hold that the unconstitutional provision could be severed. Id., paragraph four of the syllabus. Since the provisions could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., paragraph seven of the syllabus.
 {¶ 12} Here, the trial court's imposition of consecutive sentences was based on findings mandated by R.C. 2929.14(E)(4). The trial court found that the sentences were not disproportionate to the seriousness of appellant's conduct or the danger appellant poses. Additionally, the trial court found that appellant's criminal history required consecutive sentences. Therefore, pursuant to Foster, appellant's consecutive sentences must be reversed. In fairness to the trial court, it should be noted that its decision following our initial remand was made according to the law as it existed at that time. The Ohio Supreme Court's decision in Foster, which significantly altered this area of felony sentencing law, came well after the trial court's decision and while this appeal was still pending.
 {¶ 13} After State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, the trial court no longer needs to give reasons or findings of fact prior to imposing (1) a nonminimum term on an offender who has never served a prison term, (2) the maximum term, (3) consecutive terms, and (4) penalty enhancements for repeat violent offenders or major drug offenders. The Court held that:
 {¶ 14} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 15} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328."
 {¶ 16} The same day Foster was decided, the Ohio Supreme Court decided a companion case. State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1. In Mathis, the Court clarifiedFoster adding:
 {¶ 17} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C.2929.11, which specifies the purposes of sentencing, and R.C.2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 18} Accordingly, appellant's first assignment of error has merit.
 {¶ 19} Appellant's second assignment of error states:
 {¶ 20} "THE TRIAL COURT ERRED IN ITS DECISION TO IMPOSE A PRISON SENTENCE UPON THE DEFENDANT/APPELLANT FOR HIS CONVICTIONS FOR FELONIES OF THE FIFTH DEGREE."
 {¶ 21} R.C. 2929.13(B)(1) provides:
 {¶ 22} "[I]n sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 23} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 24} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 25} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 26} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 27} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 28} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04,2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or2907.34 of the Revised Code.
 {¶ 29} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 30} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 31} "(i) The offender committed the offense while in possession of a firearm."
 {¶ 32} The Ohio Supreme Court also addressed sentencing for fourth and fifth degree felonies in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Its cogent analysis went as follows:
 {¶ 33} "Community control is the default sentence for felonies of the fourth and fifth degree, except for those identified as mandatory prison offenses. R.C. 2929.13(B)(2)(b) states that `if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.' On the other hand, if the court makes one of the findings in R.C.2929.13(B)(1)(a) through (i) and also finds that `a prison term is consistent with the purposes and principles of sentencing' and that `the offender is not amenable to an available community control sanction,' the court shall impose a prison term.
 {¶ 34} "At first blush, this portion of the statute appears to violate Blakely, but on closer inspection, it does not. If the appropriate findings are made, the court has no discretion and must impose a prison term; however, the statute does not prevent a court from imposing a prison term without these findings. There is no presumption in favor of community control, in other words. If no findings are made under R.C.2929.13(B)(1)(a) through (i), the court must find that a community control sanction meets the principles of sentencing under R.C. 2929.11 before it must impose community control. Thus, a judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction could still impose a prison term.
 {¶ 35} "R.C. 2929.13(B)(2)(a) would permit a judge to impose prison rather than community control without R.C. 2929.13(B) findings. This subtle distinction was found to be constitutional in McMillan v. Pennsylvania (1986), 477 U.S. 79,106 S.Ct. 2411, 91 L.Ed.2d 67. There, with respect to a statute involving use of a firearm during an offense, the court was required to impose a mandatory minimum prison term if findings were made — yet the court could still have imposed a greater term without the findings. R.C. 2929.13(B)(2)(b) and 2929.13(B)(2)(a) do not violate Blakely by requiring the sentencing court to make additional findings of fact before increasing a penalty at the fourth or fifth degree felony level." Id. at ¶ 68-70.
 {¶ 36} In this case, the trial court found that under R.C.2929.13(B)(1)(g) appellant had previously served a prison term. The trial court also found that a prison term is consistent with the purposes and principles of sentencing and that appellant is not amenable to an available community control sanction. Therefore, the trial court was required to impose a prison term.Foster, supra at ¶ 68.
 {¶ 37} Accordingly, appellant's second assignment of error is without merit.
 {¶ 38} Appellant's third assignment of error states:
 {¶ 39} "DEFENDANT/APPELLANT'S CONVICTION SHOULD BE VACATED AS HE WAS DENIED HIS RIGHT TO [sic] SPEEDY TRIAL."
 {¶ 40} Appellant's original sentencing hearing was conducted on April 8, 2004. At that hearing, appellant's trial counsel stated that appellant had already served over ninety days in jail on this matter. Also, the record reflects that appellant pleaded guilty on February 2, 2004, and was released on a personal recognizance bond. Therefore, appellant deduces that those ninety days must have been served prior to his guilty plea thus violating his right to a speedy trial.
 {¶ 41} Initially, as appellee correctly points out, it should be noted that appellant's argument under this assignment of error is waived for two important reasons. First, appellant's guilty plea resulted in a waiver of his right to raise the statutory right to a speedy trial on appeal. State v. Kelley (1991),57 Ohio St.3d 127, 566 N.E.2d 658, paragraph one of the syllabus. Second, appellant's argument could have been assigned as error in his previous direct appeal. Therefore, res judicata applies and bars him from raising it for the first time in this appeal.State v. Gillard, 78 Ohio St.3d 548, 549, 679 N.E.2d 276.
 {¶ 42} Assuming arguendo that he had properly preserved the issue for appellate review, his argument is unsupported by law.
 {¶ 43} The Sixth Amendment to the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." This right was made applicable to the States by the Fourteenth Amendment. Article I, Section 10 of the Ohio Constitution also guarantees an accused the right to a speedy trial.
 {¶ 44} Every person who is charged with an offense for which he may be deprived of his liberty or property is entitled to this fundamental right of a speedy trial. State v. Dunlap, 7th Dist. No. 01-CA-124, 2002-Ohio-3178, at ¶ 10. This is so because the right to a speedy trial "`is premised upon the reality that fundamental unfairness is likely in overlong prosecutions.'"State v. Anderson, 7th Dist. No. 02C-O-30, 2003-Ohio-2557, at ¶ 13, quoting Dickey v. Florida (1970), 398 U.S. 30, 54,90 S.Ct. 1564, 26 L.Ed.2d 26.
 {¶ 45} Pursuant to R.C. 2945.71(C)(2), the State must bring a person charged with a felony to trial within two hundred seventy days after his arrest. If the accused is held in jail in lieu of bail on the pending charge, then each day he is held in jail counts as three days. R.C. 2945.71(E). This is known as the "triple-count" provision. It requires the State to bring the accused to trial within ninety days after his arrest. The time for a speedy trial begins to run when an accused is arrested; however, the actual day of the arrest is not counted. State v.Szorady, 9th Dist. No. 02-CA0-08159, 2003-Ohio-2716, at ¶ 12.
 {¶ 46} This Court construes Ohio's speedy trial statute strictly against the State. State v. Singer (1977),50 Ohio St.2d 103, 105, 362 N.E.2d 1216. Once the defendant alleges that he was held in jail solely on the pending charge and then demonstrates that the State has not brought him to trial within the limits set by the triple-count provision, he has made a prima facie case for discharge. State v. Butcher (1986),27 Ohio St.3d 28, 31, 500 N.E.2d 1368. At this point, the burden shifts to the State to produce evidence demonstrating that the defendant was not entitled to be brought to trial within the triple-count limits. Id.
 {¶ 47} Appellant was arrested on November 4, 2003. Thus, appellant's speedy trial clock began running on November 5, 2003. Appellant pleaded guilty on February 2, 2004, the same day that had been set for his trial. This constituted eight-nine days. This was within the ninety days prescribed by law. Therefore, appellant's speedy trial right was not violated.
 {¶ 48} Rather, appellant's argument seems to suggest that he was denied a purported right to a speedy sentencing. However, as a general rule, the right to a speedy trial applies to the trial of pending criminal charges, not sentencing. State v. Keeble,
2d Dist. No. 03CA84, 2004-Ohio-3785, at ¶ 16.
 {¶ 49} Accordingly, appellant's third assignment of error is without merit.
 {¶ 50} Appellant's fourth assignment of error states:
 {¶ 51} "DEFENDANT/APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 {¶ 52} Appellant argues that he was denied effective assistance of trial counsel when his trial counsel failed to raise his alleged denial of his right to a speedy trial.
 {¶ 53} Again, as appellee correctly points out, it should be noted that appellant's argument under this assignment of error is waived. Appellant's argument could have been assigned as error in his previous direct appeal. Therefore, res judicata applies and bars him from raising it for the first time in this appeal.State v. Gillard, 78 Ohio St.3d 548, 549, 679 N.E.2d 276.
 {¶ 54} Nonetheless, we will proceed to address the merit of this assignment of error assuming arguendo that he had properly preserved the issue for appellate review.
 {¶ 55} To prove an allegation of ineffective assistance of counsel, appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation.Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. Id. To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different. Bradley, 42 Ohio St.3d at paragraph three of the syllabus.
 {¶ 56} Appellant bears the burden of proof on the issue of counsel's alleged ineffectiveness. State v. Calhoun (1999),86 Ohio St.3d 279, 289, 714 N.E.2d 905. In Ohio, a licensed attorney is presumed competent. Id.
 {¶ 57} In this case, as illustrated under appellant's third assignment of error, appellant did not have a viable speedy trial argument to make since he was brought to trial within ninety days. Therefore, appellant cannot establish that his counsel's performance fell below an objective standard of reasonable representation on that basis. Nor can he demonstrate that he was prejudiced by counsel's performance on that basis.
 {¶ 58} Accordingly, appellant's fourth assignment of error is without merit.
 {¶ 59} The judgment of the trial court is hereby reversed and vacated in part as it relates to appellant's first assignment of error and imposition of consecutive sentences and this matter remanded for resentencing consistent with State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
Vukovich, J., concurs.
DeGenaro, J., concurs.