ment of the gift are postponed. Since, however, we are holding today that this item of the decedent's will does *not* create a valid charitable trust, the gift would, therefore, not vest immediately in the trustees, and it would not vest within a life in being plus twenty-one years.

The court, therefore, enters the following declaratory judgment as to the rights and responsibilities of the parties under the Last Will and Testament of the decedent, Myrna Knisley:

1. Item IV of the Last Will and Testament of Myrna Knisley is void and of no effect since it does not create either a valid private or charitable trust.

2. The doctrine of *cy-pres* does not apply and not being a valid charitable trust, Item IV violates R.C. 2131.08, the rule against perpetuities.

3. Since the trust fails and there are no specific residuary devisees or legatees contained in the will, the residuary property, therefore, should be distributed to the heirs and next of kin of the decedent, Myrna Knisley, as if she had died intestate pursuant to R.C. 2105.06, and the court so orders.

*Judgment accordingly.*

THE STATE OF OHIO v. BAKER.

THE STATE OF OHIO *v.* PATTON.

(Nos. 84-TRC-16463 and -33556A — Decided December 18, 1984.)

Court of Common Pleas of Hamilton County.

*Paul J. Gorman,* city prosecutor, and *Frank Prouty,* for plaintiff.

*Brett C. Goodson,* for defendant Baker.

*Jack C. Rubenstein,* for defendant Patton.

CRUSH, J█ In each of the above-captioned cases an affidavit of bias and prejudice was filed by each of the respective defense attorneys. Since both cases involve closely related issues, they will be handled together.

This court is empowered by statute (R.C. 2937.20) to examine into the claims of bias and prejudice and to make the appropriate finding. A hearing is not required inasmuch as the affidavits provide sufficient information.

The *Patton* case involves a motion to mitigate filed, and not yet decided, on behalf of a defendant who has already been sentenced. The *Baker* case involves a defendant who has not yet been brought to trial.

The attorney's affidavit in the *Patton* case reads in part as follows:

"* * * [T]he Honorable Deidra Hair * * * has advised counsel in the past that it is her policy to give a second [DUI] * * * offender a maximum sentence of * * * 180 * * * days in the Community Correctional Institute regardless of any mitigating factors surrounding his arrest * * *."

The attorney's affidavit in the *Baker* case reads in part as follows:

"* * * [A]t the pretrial conference Judge Hair advised the Defendant that, as a second offender, she would sentence him to * * * 180 * * * days in the Community Correctional Institute, the maximum sentence, upon a no contest plea * * *."

The affidavit of defendant *Baker* reads in part as follows:

"At the pretrial conference * * * the City Prosecutor asked affiant if he had a lawyer. Affiant indicated that he did not * * *. The Prosecutor said 'I hate to tell you this, but the Judge gives all second offenders 180 days' * * *. [A]ffiant * * * states that * * * he went into Judge Hair's chambers along with the City Prosecutor. At that time Judge Hair informed him, 'I give 180 days to second offenders, but I'll give you work release since you have a job.'"

Judge Hair has presented an affidavit as to each case, which in part reads as follows:

*Patton:* "* * * [A]ll relevant mitigating facts and circumstances were considered prior to * * * defendant's sentence * * *. Affiant further states that she has no personal knowledge of the facts of this case, and has no bias or prejudice regarding this particular defendant."

*Baker:* "* * * The defendant was specifically advised, as is each and every *pro se* defendant, of the possible maximum fine. In this case that was one year in the Workhouse, as opposed to six months as alleged in * * * [the] * * * affidavit. At no time was the defendant advised that he would receive the maximum sentence on either or both of the * * * charges. I have no personal knowledge of the defendant, or of the facts alleged. * * *"

Judge Hair does not specifically deny that she uniformly imposes a six-month sentence for second offender "DUIs." The court will, therefore, assume, for the purposes of deciding these matters, that Judge Hair does follow such a policy.

Both defendants allege that Judge Hair is biased and prejudiced against them because of a set sentencing policy which does not allow a consideration of all the relevant sentencing factors required by law.

A judge is presumed not to be biased:

"Bias or prejudice on the part of a judge will not be presumed. In fact, the law presumes that a judge is unbiased and unprejudiced in the matters over which he presides, and bias or prejudice must be strong enough to overcome the presumption of his integrity." 48A Corpus Juris Secundum (1981) 731, Judges, Section 108.

Generally, the prejudice must be against a particular individual:

"Generally, bias or prejudice which will disqualify a judge is a personal one for or against a party to the cause, which must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." 48A Corpus Juris Secundum (1981) 735-736, Judges, Section 110.

"The basis of the disqualification of a judge for bias or prejudice is that personal bias or prejudice, for or against a party, renders the judge unable to exer-

cise his functions impartially in the particular case." 46 American Jurisprudence 2d (1969) 197, Judges, Section 166.

Nothing presented in the defendants' affidavits points to a personal bias against either defendant. Rather, the bias, if any, must be construed to be against an entire group of defendants, to wit: those convicted a second time of driving under the influence of alcohol.

Prejudice against a whole group of defendants can be the basis of removal for bias and prejudice:

"There is an exception to such rule, however, where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." 48A Corpus Juris Secundum (1981) 738, Judges, Section 110.

The question then presents itself whether Judge Hair has shown such a pervasive prejudice against a group of defendants that she should be removed from these cases. The alleged prejudice pertains to a sentencing policy which allows no variation and no concern for the various sentencing factors required by R.C. 2929.22.

R.C. 2929.22 provides, in pertinent summary, that the court shall consider the following criteria in imposing sentence for a misdemeanor: likelihood of another offense; need to protect the public; nature and circumstances of the offense; history, character and condition of the offender; need for rehabilitative treatment; and ability and resources of the offender. Additionally said section lists the following factor as supporting a heavier sentence: to wit, defendant is a repeat or dangerous offender. Finally, said section refers to R.C. 2929.12 for additional factors supporting a lesser penalty: offender did not threaten serious physical harm to persons or property; substantial grounds tending to excuse or justify the offense; strong provocation; and lack of substantial prior delinquency or criminal activity.

Generally, a judge is presumed to have considered the necessary criteria in imposing sentence:

"* * * [I]n the absence of a showing to the contrary, a judge is presumed to have considered in the sentencing process the standards of the applicable statute." *State* v. *Gravitt* (Oct. 12, 1983), Hamilton App. No. C-820762, unreported, at 4-5.

"The law does not require * * * that the court recite on the record its reasons for imposing a sentence." *State* v. *Bentley* (May 6, 1981), Hamilton App. No. C-800378, unreported, at 2.

Thus, the court must consider such criteria, even if reasons are not given.

"In imposing sentence for a misdemeanor, a trial court must consider the factors set forth in R.C. 2929.22." *Miamisburg* v. *Smith* (1982), 5 Ohio App. 3d 109, paragraph two of the syllabus.

If the court fails to present any indication that the sentencing criteria were considered, the court commits error:

"* * * [W]here * * * the felon is presented to the court for sentencing immediately after he has been tried and found guilty of an offense, and there ensues * * * a * * * discussion * * * without *any* indication that the court has considered the factors set forth in R.C. 2929.12 * * * the maximum sentence must be vacated and set aside as being inconsistent with the discretion afforded to the sentencing court by law." (Emphasis added.) *State* v. *Rivera* (Mar. 16, 1983), Hamilton App. No. C-820317, unreported, at 7.

With regard to the *Patton* case, it is evident, by virtue of counsel's own affidavit, that the judge has considered at least some sentencing factors. After mentioning the factors defense counsel suggests as mitigating, the affidavit reads:

"Affiant further says that *he has reviewed the above with the Honorable*

*Deidra Hair* * * * and that she would not consider as mitigating the fact that the Defendant is a single parent with * * * 4 * * * minor children * * *; that he is working a full-time job and has had the same * * * for * * * 3 * * * years. That * * * the only previous offense is * * * 11 * * * years old; and that * * * Defendant is fully insured and * * * there was no accident * * *." (Emphasis added.)

The fact that the judge specifically rejected certain alleged mitigating factors does indicate that the judge considered those factors. The factors listed in R.C. 2929.12 and 2929.22 do not control the court's discretion.

With regard to the *Baker* case, the affidavit pertinently states as follows:

"* * * Judge Hair did not tell the Defendant she would consider any mitigating facts or circumstances."

Clearly, the statement does not indicate that Judge Hair would not consider any mitigating factors. The statement only indicates that she was silent on the subject. Thus, if we view the affidavits strictly in favor of the judge, as seems proper in view of the presumption against bias and prejudice, Judge Hair has in one case considered certain mitigating factors, and in the other case said nothing about mitigating factors.

In any case, the basic question remains, as to whether Judge Hair's apparent policy of a six-month sentence for second offender DUIs is *per se* bias and prejudice. On this point we read as follows:

"An impersonal prejudice resulting from a judge's background, associations, or experience * * * ordinarily is not enough to require disqualification." 48A Corpus Juris Secundum (1981) 738, Judges, Section 110.

"A judge is not disqualified merely because he believes in upholding the law, even though he says so with vehemence. He may not be disqualified for judicial bias, and judicial knowledge properly ac- quired is not a sufficient basis for disqualification." 48A Corpus Juris Secundum (1981) 737, Judges, Section 110.

There being no personal bias shown in this case, the only reasonable inference to be drawn is that Judge Hair considers a second DUI offense of such gravity that the nature of this repeated offense outweighs any mitigating factors. Such an opinion would with reasonable inference be a judgment based upon experience and moral judgment. Such an opinion, even if perceived by some to be incorrect, is precisely within the sphere of judgment reserved to a judge.

"Any sentencing decision calls for the exercise of judgment. It is neither possible nor desirable for a person to whom the State entrusts an important judgment to decide in a vacuum, as if he had no experiences. * * *

"* * * It is entirely fitting for the moral, factual, and legal judgment of judges * * * to play a meaningful role in sentencing. We expect that sentencers will exercise their discretion in their own way to the best of their ability. As long as that discretion is guided in a constitutionally adequate way * * * and as long as the decision is not so wholly arbitrary as to offend the Constitution, the Eighth Amendment cannot and should not demand more." *Barclay* v. *Florida* (1983), 463 U.S. 939, 950-951.

A few states have adopted very restrictive sentencing guidelines for judges in an attempt to achieve great uniformity in sentencing. Ohio has not adopted such guidelines, and great discretion is left to each judge:

"Generally, the severity of a sentence imposed in conformity to the law by a trial court rests in the discretion of that court * * *." *State* v. *Williams* (1982), 7 Ohio App. 3d 160, 162.

"The severity of a sentence which is within statutory limits does not constitute cruel and unusual punishment in contravention of the [E]ighth [A]mend-

ment to the United States Constitution * * *." *State* v. *Siegel* (June 16, 1982), Hamilton App. No. C-810600 and C-810601, unreported, at 6.

In view of the foregoing, even if Judge Hair's sentencing policy is more severe than that of other judges, a defendant has no complaint recognizable in law. In the *Patton* case, just such a complaint is raised by defendant's attorney:

"Affiant says that he has discussed the policies for second offense drunk drivers with almost every judge on the Hamilton County Municipal Bench; that the greater majority of said judges would impose no more than thirty (30) days, depending on the particular facts surrounding the second arrest, the length of time between the first and second arrest, and the reading on the breathalyzer intoxilyzer on the second arrest."

If, in a particular case, it is shown that the judge legally erred by not in fact considering the required mitigating factors, or by in fact imposing cruel and unusual punishment, these issues can be and should be raised on appeal, not by an affidavit of bias and prejudice:

"* * * '[A] wrong opinion on the law of a case does not disqualify a judge, nor is it any evidence of bias or prejudice * * *. Where a judge is mistaken as to questions of law, a litigant cannot substitute for his remedy by appeal, proceedings for the disqualification of a judge for alleged bias and prejudice.' * * *" *Shakin* v. *Bd. of Medical Examiners* (1967), 254 Cal. App. 2d 102, 116-117, 62 Cal. Rptr. 274, 23 A.L.R. 3d 1398, certiorari denied (1968), 390 U.S. 410.

In summation, it is evident that no personal bias or prejudice on the part of the judge against either defendant has been proven; that a uniform policy of sentencing has been assumed, but this policy, being based upon experience and moral judgment, is within the proper sphere of judicial discretion; that no proof has been adduced that the judge did not, in fact, adopt this policy upon reasoned judgment and a weighing of all relevant sentencing factors; and that bias and prejudice is not to be presumed.

An additional consideration should be mentioned. Judges, like all human beings, differ in their philosophical and moral outlook. The fact that one judge may be more severe than others in a particular type of case is only to be expected, and the possibility of being sentenced by a more severe judge is one of the hazards of wrongdoing.

This court finds that no bias or prejudice on the part of Judge Hair has been established. Judge Hair may proceed, therefore, to preside over each of these cases.

*Judgments accordingly.*