IN RE DISQUALIFICATION OF MURPHY: RUZENDALL *v.* NORFOLK SOUTHERN CORPORATION ET AL.

[Cite as In re Disqualification of Murphy (1988), 36 Ohio St. 3d 605.]

(No. 88-AP-035—Decided February 22, 1988.)

MOYER, C.J. The affidavit of disqualification filed herein alleges that pretrial evidentiary rulings by Judge James E. Murphy will deny the plaintiff, Keith M. Ruzendall, a fair trial in case No. CV84-10-3040 in the Court of Common Pleas of Summit County.

Dissatisfaction or disagreement with a judge's rulings of law are legal issues subject to appeal. A trial judge's opinions of law, even if erroneous, are not by themselves evidence of bias or prejudice and thus are not grounds for disqualification. *State* v. *Baker* (1984),

25 Ohio Misc. 2d 11, 25 OBR 232, 495 N.E. 2d 976.

In the absence of extraordinary circumstances, an affidavit of disqualification should not be used to disqualify a judge after lengthy proceedings have transpired in a given case: "[A] party should not be permitted to participate in an action or proceedings to the extent that he is able to ascertain the attitude of the judge toward important aspects of his case and then avoid an adverse ruling by belatedly raising the issue of disqualification." Annotation, Waiver or Loss of Right to Disqualify Judge by Participation in Proceedings — Modern State Criminal Cases (1984), 27 A.L.R. 4th 597, 605.

For these reasons, the affidavit of disqualification is found not well-taken and is hereby dismissed.