IN RE DISQUALIFICATION OF CORTS: THE STATE OF OHIO *v.* OLIVER.

[Cite as In re Disqualification of Corts (1988),
47 Ohio St. 3d 601.]

(No. 88-AP-183—Submitted and decided December 1, 1988.)

MOYER, C.J. The affidavit of disqualification filed by defendant Sylvester Oliver seeks the disqualification of Judge Robert J. Corts from further proceedings in case No. 88-CR-035670 in the Court of Common Pleas of Lorain County. The affidavit complains of the substance of the judge's rulings on three motions filed by the affiant. However, dissatisfaction or disagreement with a judge's rulings of law are legal issues subject to appeal. A judge's opinions of law, even if later found to be erroneous, are not by themselves evidence of bias or prejudice and thus are not grounds for disqualification. *In re Disqualification of Murphy* (1988), 36 Ohio St. 3d 605, 522 N.E. 2d 459, citing *State* v. *Baker* (1984), 25 Ohio Misc. 2d 11, 25 OBR 232, 495 N.E. 2d 976.

Affiant further claims that he has filed lawsuits against three other judges of the Lorain County Court of Common Pleas, and alleges that these suits will prevent him from having a fair trial before Judge Corts, another judge of that court. The filing of lawsuits against one or more members of a court does not lead to the conclusion that another member of that court cannot fairly preside in a different matter involving that party. In addition, it has been previously held that a judge is not automatically disqualified if that judge is himself an adverse party in other litigation brought by one seeking the judge's disqualification. *In re Disqualification of Hunter* (1988), 36 Ohio St. 3d 607, 522 N.E. 2d 461.

It is observed that the instant case was previously assigned to a different judge of the Lorain County Court of Common Pleas, and that affiant twice filed affidavits seeking the original trial judge's disqualification. Affiant is reminded that the filing of frivolous or repeated affidavits of disqualification could result in appropriate sanctions being taken against the offending person. *In re Disqualification of Light* (1988), 36 Ohio St. 3d 604, 522 N.E. 2d 458.

For the foregoing reasons, the affidavit of disqualification is found not well-taken and is hereby dismissed.