JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant David Lumpkin, Jr. appeals his conviction and sentence from the Cuyahoga County Court of Common Pleas. We reverse his conviction, vacate his plea and remand.
 {¶ 2} Lumpkin was charged with one count of failure to comply with order or signal of a police officer in violation of R.C.2921.331. This count contained a furthermore clause alleging that Lumpkin operated a motor vehicle that caused a substantial risk of serious physical harm to persons or property. It is a felony of the third degree. Lumpkin was also charged with one count of receiving stolen property (motor vehicle) in violation of R.C.2913.51, a felony of the fourth degree, and one count of receiving stolen property (license plate), a felony of the fifth degree.
 {¶ 3} Lumpkin entered into a plea agreement with the state whereby he would plead guilty to failure to comply, along with the furthermore clause, as well as receiving stolen property (motor vehicle), and the remaining count would be dismissed. The state properly outlined the plea agreement and noted all the possible penalties for both counts and moved to dismiss the remaining count. Lumpkin acknowledged that he understood the state's plea proposal and that he wished to withdraw his plea of not guilty and enter a plea of guilty.
 {¶ 4} In accordance with Crim.R. 11, the trial court proceeded to advise Lumpkin of his constitutional rights and further advised him that he would be waiving these rights by entering a plea. The trial court then advised Lumpkin that count one was a felony of the third degree with a possible prison term of one, two, three, four, or five years, up to a $10,000 fine, and five years of post-release control. The trial court mistakenly advised Lumpkin that count two was a felony of the fifth degree, punishable by six to twelve months in prison, up to a $2,500 fine, and three years of post-release control. Lumpkin was also correctly advised that if a prison sentence was imposed in count one, counts one and two must be run consecutive to each other.
 {¶ 5} Lumpkin acknowledged his rights, waived his rights, and entered pleas of guilt in both counts. He was referred to the probation department for a presentence investigation.
 {¶ 6} At sentencing, the trial court sentenced Lumpkin to three years in prison on count one, a felony of the third degree, and 15 months in prison on count two, a felony of the fourth degree, which were ordered to be served consecutive to each other. Lumpkin appeals, advancing four assignments of error for our review; we will address only the first assignment of error because it is dispositive of the case.
 {¶ 7} Lumpkin's first assignment of error states:
 {¶ 8} "Defendant-Appellant's sentence should be reversed as the trial court failed to comply with the mandates of R.C.2929.14 and the sentence for a fifth degree felony is not supported by the record."
 {¶ 9} Lumpkin complains that he did not have a chance to ask for drug treatment at the sentencing hearing. Lumpkin also argues that his plea and sentence must be vacated because the trial court advised him that he was pleading guilty to a felony of the fifth degree and then sentenced him as if he pled guilty to a felony of the fourth degree.
 {¶ 10} We find no merit to Lumpkin's argument that he was not afforded the opportunity to request drug treatment. The transcript clearly evidences the colloquy between the court and Lumpkin wherein he requested "in-house" drug treatment.
 {¶ 11} Nevertheless, the trial court mistakenly advised Lumpkin that he was pleading guilty to a felony of the fifth degree instead of a felony of the fourth degree. Although the transcript reveals that the state properly outlined the plea and Lumpkin understood and agreed to the terms of the plea as stated by the state, it is the trial court's duty under Crim.R. 11 to address the defendant personally, setting forth the nature of the charges and the maximum penalty involved. Since Lumpkin was mistakenly advised by the court that he was pleading guilty to a felony of the fifth degree, we vacate the plea and sentence, and remand for a new plea and sentencing hearing.
 {¶ 12} Lumpkin's first assignment of error is sustained. The remaining assignments involving sentencing are moot.
Judgment reversed and case remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Karpinski, J., concur.