JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Local App.R. 11.1.
 {¶ 2} In these consolidated appeals, defendant Estil Duncan appeals from the sentences imposed following his guilty pleas to drug possession and attempted failure to comply with the order or signal of a police officer. For the reasons set forth below, we affirm.
 {¶ 3} On August 10, 2005, defendant was indicted in Case No. 469238 for possession of less than the bulk amount of Hydrocodone, a Schedule III drug, trafficking in less than the bulk amount of Hydrocodone, and possession of criminal tools. On September 20, 2005, defendant was indicted in Case No. 470478 for failure to comply with the order or signal of a police officer, and a furthermore clause alleging that defendant operated his motor vehicle in a manner which caused a substantial risk of serious physical harm to persons or property. On November 1, 2005, defendant pled guilty to drug possession, and attempted failure to comply with the order or signal of a police officer. The remaining charges were nolled.[1] Thereafter, the trial court sentenced defendant to sixty days incarceration and also suspended his drivers' license for five years for the drug possession charge. The court also sentenced defendant to twelve months imprisonment and imposed a lifetime license suspension on the failure to comply charge.
 {¶ 4} Defendant now appeals and assigns two errors for our review. Defendant's first assignment of error states:
 {¶ 5} "The trial court erred to the prejudice of defendant-appellant when it ordered a term of imprisonment without making the requisite findings under the applicable sentencing statutes."
 {¶ 6} Within this assignment of error defendant complains that the trial court failed to make the statutorily required findings before it imposed the sentence for attempted failure to comply, a felony of the fourth degree.
 {¶ 7} As an initial matter, we note that in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court held that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. See State v. Mathis, 109 Ohio St. 3d 54,2006-Ohio-855, 846 N.E.2d 1. The Foster Court also made the following observations with regard to sentencing for fourth and fifth degree felonies:
 {¶ 8} "Community control is the default sentence for felonies of the fourth and fifth degree, except for those identified as mandatory prison offenses. R.C. 2929.13(B)(2)(b) states that "if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender. * * * If the appropriate findings are made, the court has no discretion and must impose a prison term; however, the statute does not prevent a court from imposing a prison term without these findings. There is no presumption in favor of community control, in other words. If no findings are made under R.C. 2929.13(B)(1)(a) through (i), the court must find that a community control sanction meets the principles of sentencing under R.C. 2929.11 before it must impose community control. Thus, a judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction could still impose a prison term."
 {¶ 9} In a footnote, the court further explained:
 {¶ 10} "As noted by Griffin and Katz, `If the particular [R.C. 2929.13(B)] combinations are not found, the judge is simply guided by the general principles of sentencing, as occurs with third degree nondrug felonies.' 1 Griffin Katz, Ohio Felony Sentencing Law (2005) 761, Section 7:11."
 {¶ 11} In short, the Foster court held that judge who does not make the statutory findings and does not find that community control is a sufficient sanction could still impose a prison term.
 {¶ 12} In this matter, the court did not make the findings listed in R.C. 2929.13(B)(1)(a) through (i). Nonetheless, the court specifically found that defendant was not amenable to community control sanctions. Accordingly, the trial court was permitted to impose a prison term. The fact that a judge failed to make the R.C. 2929.13(B) findings does not preclude the imposition of a prison term. Accord State v. Christian,
Mahoning App. No. 05-MA-89, 2006-Ohio-3567.
 {¶ 13} This assignment of error is without merit.
 {¶ 14} Defendant's second assignment of error states:
 {¶ 15} "The trial court erred to the prejudice of defendant-appellant when it ordered his driver's license suspended for the maximum terms provided by law."
 {¶ 16} Defendant next asserts that the trial court erred when it suspended his drivers' license for life, following his guilty plea to attempted failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331. Defendant maintains that this sanction is permitted only for an actual violation of R.C. 2921.331, and not for an attempt to violate this statute. Defendant also complains that the trial court was without authority to suspend his driver's license for five years, following his guilty plea to drug possession.
Attempted Failure to Comply
 {¶ 17} Attempt is governed by R.C. 2923.02. In relevant part, this statute provides
 {¶ 18} "(E) Whoever violates this section is guilty of an attempt to commit an offense. * * * An attempt to commit any [offense other than certain drug abuse offenses] is an offense of the next lesser degree than the offense attempted. * * *"
 {¶ 19} R.C. 2921.331 defines the offense of failure to comply with the order or signal of a police officer and provides, in relevant part, as follows:
 {¶ 20} "(E) In addition to any other sanction imposed for a violation of this section, the court shall impose a class two suspension from the range specified in division (A)(2) of section4510.02 of the Revised Code. If the offender previously has been found guilty of an offense under this section, the court shall impose a class one suspension as described in division (A)(1) of that section. The court shall not grant limited driving privileges to the offender. No judge shall suspend the first three years of suspension under a class two suspension of an offender's license, permit, or privilege required by this division on any portion of the suspension under a class one suspension of an offender's license, permit, or privilege required by this division."
 {¶ 21} R.C. 4510.02 sets forth the following periods of suspension:
 {¶ 22} "(1) For a class one suspension, a definite period for the life of the person subject to the suspension;
 {¶ 23} "(2) For a class two suspension, a definite period of three years to life[.]" We additionally note that in State v.Holmes, Summit App. No. 22938, 2006-Ohio-2175, the court rejected an Eighth Amendment challenge to a three-year license suspension invoked pursuant to R.C. 2921.331.
 {¶ 24} In this matter, defendant was charged with failure to comply with the order or signal of a police officer and the charge contained a furthermore clause alleging that defendant operated a motor vehicle in a manner that caused a substantial risk of serious physical harm to persons or property. Defendant was therefore charged with a felony of the third degree. Statev. Lumpkin, Cuyahoga App. No. 86177, 2006-Ohio-1334. The record indicates that defendant pled to a fourth degree felony charge of attempted failure to obey. Subpart (E) of 2921.331 does not reference any particular degree of offense as a prerequisite to license suspension. Thus, although the instant conviction for attempted failure to comply reduced the level of the offense, the court still had full authority, under the language of 2921.331(E) to impose a license suspension. In addition, as the trial court noted that defendant had a prior conviction for fleeing and alluding (Tr. 19), a "class one" or lifetime suspension was mandated under R.C. 4510.02. We therefore cannot conclude that the trial court erred in imposing the lifetime suspension in this matter. This portion of the assigned error is without merit.
Drug Possession
 {¶ 25} Defendant next complains that the trial court erred when it sentenced him to a five-year driver's license suspension for the drug possession charge.
 {¶ 26} Pursuant to R.C. 2925.11(E)(2):
 {¶ 27} "(E) In addition to any prison term or jail term authorized or required by division (C) of this section and sections 2929.13, 2929.14, 2929.22, 2929.24, and 2929.25 of the Revised Code and in addition to any other sanction that is imposed for the offense under this section, sections 2929.11 to2929.18, or sections 2929.21 to 2929.28 of the Revised Code, the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section shall do all of the following that are applicable regarding the offender:
 {¶ 28} "(2) The court shall suspend for not less than six months or more than five years the offender's driver's or commercial driver's license or permit."
 {¶ 29} The trial court is therefore required to impose a suspension. The duration of the suspension appears to be within the court's discretion. Cf. State v. Gipson,80 Ohio St. 3d 626, 1998-Ohio-659, 687 N.E.2d 750. In addition, R.C. 2925.11(E) is constitutional as applied to a defendant convicted of a misdemeanor drug offense. State v. Mihely, Ashtabula App. Nos. 2001-A-0083, 2001-A-0084, 2002-Ohio-6939. We have not been favored with a transcript of the guilty plea proceedings, and the sentencing hearing provides as follows:
 {¶ 30} "You're the one that told the probation department you haven't used cocaine in two months. That was a lie. You know it was a lie. You tested positive for cocaine when I sent you to the lab three weeks ago.
 {¶ 31} "* * *
 {¶ 32} "* * * I am suspending your driver's license for five years due not only to your continued use of drugs, but also the misrepresentation that was made to our probation department."
 {¶ 33} On this record, we cannot say that the trial court abused its discretion. This portion of the assigned error is without merit.
 {¶ 34} This assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Corrigan, J., concur.
[1] Defendant has provided us with the transcript of the sentencing hearing, but has not provided the transcript of the plea hearing.