DECISION.
{¶ 1} Thomas Sheppard appeals his conviction for aggravated burglary, kidnapping, theft of a motor vehicle, and receiving stolen property. We affirm the judgment of the trial court.
 {¶ 2} At trial, Gary Becker testified that he and Sheppard were acquaintances. According to Becker, Sheppard had cut his grass on a few occasions, and Becker had given Sheppard and his wife rides for various errands. On September 1, 2005, at 7:00 a.m., Sheppard and another man came to Becker's door, asking to use his telephone. After Becker let Sheppard into his house, Becker was tackled from behind. Sheppard and the other man, who went by the name Mouse, tied Becker's hands and dragged him into the basement. He was seated in a chair, and his feet were bound. Becker estimated that the men had remained in the house for at least two hours. Then, he was hit on his head twice. After he lay on the ground for a few minutes, he was able to untie himself and to sneak out of the basement. Becker testified that the men had taken his van and some possessions from his house. Two days later, Sheppard was arrested while sleeping in Becker's van.
 {¶ 3} At the conclusion of the testimony, the jury found Sheppard guilty of aggravated burglary, kidnapping, theft of a motor vehicle, and receiving stolen property. He was acquitted of aggravated robbery. The trial court sentenced him to eight years for aggravated burglary, seven years for kidnapping, 18 months for theft of a motor vehicle, and 18 months for receiving stolen property. The sentences for aggravated burglary and kidnapping were to run consecutively, but they otherwise were made concurrent with the remaining prison terms.
 {¶ 4} In his first assignment of error, Sheppard now asserts that the trial court erred when it sentenced him for both aggravated burglary and kidnapping. Sheppard contends that the offenses were allied offenses of similar import, and that he could not be convicted of both under R.C.2941.25.
 {¶ 5} R.C. 2941.25(A) provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, * * * the defendant may be convicted of only one." InState v. Rance, the Ohio Supreme Court held "that under an R.C.2941.25(A) analysis the statutorily defined elements of offenses that are claimed to be of similar import are compared in theabstract."[1]
 {¶ 6} Sheppard was convicted of aggravated burglary in violation of R.C. 2911.11(A)(1) and kidnapping in violation of R.C. 2905.01(A)(2). R.C. 2911.11(A)(1) provides that "[n]o person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if * * * [t]he offender inflicts, or attempts or threatens to inflict physical harm on another." A person is guilty of kidnapping if he, "by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, [removes] another from the place where the other person is found or [restrains] the liberty of the other person * * * [t]o facilitate the commission of any felony or flight thereafter."[2] A comparison of the offenses' elements leads us to the conclusion that aggravated burglary and kidnapping are not allied offenses of similar import.[3] It is possible to commit an aggravated burglary without moving or restraining a person. And conversely, it is possible to kidnap a person without trespassing into an occupied structure.
 {¶ 7} Sheppard argues that the Ohio Supreme Court has retreated from its decision in Ranee, and that we should use the approach employed by the court in State v. Logan, which focused on a case-specific review to determine whether two offenses were committed with a single animus.[4]
But we must determine whether offenses were committed with a single animus only if the offenses are otherwise allied and of similar import. Under R.C. 2941.25(B), "[w]here the defendant's conduct constitutes two * * * offenses of dissimilar import, or where his conduct results in two * * * offenses of the same or similar kind committed separately or with a separate animus to each, * * * the defendant may be convicted of [both] of them." Because we have concluded that aggravated burglary and kidnapping are not allied offenses of similar import, we need not conduct the analysis set forth in Logan. The first assignment of error is overruled.
 {¶ 8} The second assignment of error is that Sheppard's convictions were not supported by sufficient evidence. The third is that the convictions were against the manifest weight of the evidence. We consider the assignments together.
 {¶ 9} A sufficiency argument challenges whether the state presented adequate evidence on each element of the offense.[5] On the other hand, when reviewing whether a judgment was against the manifest weight of the evidence, we must determine whether the jury clearly lost its way and created a manifest miscarriage of justice.[6]
 {¶ 10} Sheppard argues that the evidence of the offenses was insufficient because Becker was the only witness. According to Sheppard, Becker's testimony was not credible. But the state presented sufficient evidence of each of the offenses. And having thoroughly reviewed the record, we conclude that the jury's guilty verdicts were not against the manifest weight of the evidence. The second and third assignments of error are not well taken.
 {¶ 11} In his fourth assignment of error, Sheppard asserts that the trial court erred when it overruled his motion for a continuance and his motion for the appointment of new counsel.
 {¶ 12} We review the trial court's denial of Sheppard's motion for a continuance under an abuse-of-discretion standard. Sheppard requested a continuance on the day of trial. He stated that he wanted the continuance to secure the attendance of some witnesses, including his wife. Sheppard was unable to tell the court why his wife was not in court on the day of trial, and he was not sure whether she was going to testify. He did not explain why he had not subpoenaed his other witnesses prior to the day of trial. Sheppard also stated, "I just need a little time to get to — pretty much get it together as far as the trial. I wasn't expecting it to go this far. I really wasn't." Apparently, Sheppard did not believe that the case would proceed against him, because he and Becker had been friends.
 {¶ 13} The state argued that its witnesses were all present for the trial, and that a continuance would have been a hardship for Becker, who had physical problems. We conclude that the trial court did not abuse its discretion when it denied Sheppard's motion for a continuance.
 {¶ 14} After the court denied Sheppard's motion for a continuance, he moved to have new counsel appointed. According to Sheppard's trial counsel, he and Sheppard were "not on the same page as to how to handle [the] case." Sheppard told the court that his counsel "had some things and he never [brought] them to me * * *," and that he was "not comfortable going to jury with him." The trial denied the motion.
 {¶ 15} The denial of a defendant's motion for new counsel amounts to the denial of the effective assistance of counsel if the defendant demonstrates "good cause [for new counsel], such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict."[7] Sheppard did not demonstrate good cause. Absent such a showing, we review the trial court's decision under an abuse-of-discretion standard.[8] Given that Sheppard requested new counsel only after his motion for a continuance had been denied, his motion was likely a dilatory tactic. We conclude that the trial court did not abuse its discretion when it denied the motion. The fourth assignment of error is overruled.
 {¶ 16} The final assignment of error is that the trial court erred when it sentenced Sheppard to consecutive terms of imprisonment. Sheppard was sentenced to consecutive terms of eight and seven years, for an aggregate of fifteen years. The maximum allowable sentence for either aggravated burglary or kidnapping was ten years. Because Sheppard's aggregate prison term exceeded ten years, he may seek leave to appeal his sentence.[9] Under R.C. 2953.08(G)(2)(b), we may reverse the sentence if we find "clearly and convincingly" that the sentence is contrary to law.[10] Because we do not find that the consecutive terms are contrary to law, we overrule the final assignment of error.
 {¶ 17} The judgment of the trial court is, accordingly, affirmed.
Judgment affirmed.
[1] 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, paragraph one of the syllabus (emphasis in original).
[2] R.C. 2905.01(A)(2).
[3] See State v. Waddy (1992), 63 Ohio St.3d 424, 588 N.E.2d 819.
[4] (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345.
[5] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[6] See id. at 387.
[7] State v. Blankenship (1995), 102 Ohio App.3d 534, 558,657 N.E.2d 559.
[8] State v. McNeill, 83 Ohio St.3d 438, 452, 1998-Ohio-293,700 N.E.2d 596.
[9] R.C. 2953.08(C).
[10] Prior to the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 740, we could reverse a defendant's sentence if the record did not support the trial court's sentencing findings. But in Foster, the court severed those sections of the sentencing statute that required judicial fact-finding, and it stated that "R.C. 2953.08(G), insofar as it refers to the severed sections, no longer applies." Foster, supra, at ¶ 99.