JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Christopher Morris, appeals the trial court's judgment sentencing him to 68 months (5 years, eight months) on four counts of pandering sexually-oriented matter involving a minor. We affirm.
 {¶ 2} Morris was indicted on 11 charges of pandering sexually-oriented matter involving a minor, felonies of the fourth degree, and subsequently pled guilty to four of the charges; the remaining charges were dismissed. Morris was sentenced to 17 months on each of the four counts and five years of post release control; the sentences were ordered to be served consecutively. In his sole assignment of error, Morris challenges his sentence.
 {¶ 3} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is "otherwise contrary to law."[1]
R.C. 2953.08(G)(2); State v. Moore, 8th Dist, *Page 4 
No. 89779, 2008-Ohio-2365, ¶ 24; State v. Donahue, 8th Dist. No. 89111,2007-Ohio-6825, ¶ 13. Clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus. We must now determine whether the record demonstrates clear and convincing evidence that Morris's consecutive sentences were contrary to law.
 {¶ 4} Morris first challenges the fact that the trial court sentenced him to prison rather than to community control.
 {¶ 5} In Foster, supra, the Ohio Supreme Court made the following observations with regard to sentencing for fourth and fifth degree felonies:
 {¶ 6} "Community control is the default sentence for felonies of the fourth and fifth degree, except for those identified as mandatory prison offenses. R.C. 2929.13(B)(2)(b) states that `if the court does not make a finding described in *Page 5 
division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender. * * *' If the appropriate findings are made, the court has no discretion and must impose a prison term; however, the statute does not prevent a court from imposing a prison term without these findings. There is no presumption in favor of community control, in other words. If no findings are made under R.C. 2929.13(B)(1)(a) through (i), the court must find that a community control sanction meets the principles of sentencing under R.C. 2929.11 before it must impose community control. Thus, a judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction could still impose a prison term." Id. at ¶ 68.
 {¶ 7} Thus, the Foster court held that when a judge does not make the statutory findings and does not find that community control is a sufficient sanction, they can still impose a prison term.
 {¶ 8} In this case, the court did not make the statutory findings. Nonetheless, the court implicitly found that Morris was not amenable to community control sanctions, noting its concern for Morris's one-year-old son. In particular, Morris admitted that he was sexually interested in children three years of age and older, and *Page 6 
that incest was desirable to him. Accordingly, the trial court was permitted to impose a prison term. See State v. Duncan, 8th Dist. No. 87518, 2006-Ohio-5024, ¶ 12. The fact that the judge failed to make the R.C. 2929.13(B) findings does not preclude the imposition of a prison term. Id., citing State v. Christian, Mahoning App. No. 05-MA-89,2006-Ohio-3567.
 {¶ 9} Morris next challenges his sentence as being disproportionate when compared to other similarly situated defendants in Cuyahoga County.
 {¶ 10} R.C. 2929.11(B) mandates that the trial court is to impose a sentence that is "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 11} Morris cites several cases where defendants convicted of crimes involving sex offenses against a minor were sentenced to community control sanctions. Conversely, the State cites several cases where defendants have been sentenced to, and this court has affirmed, maximum and consecutive sentences for pandering.
 {¶ 12} The record in this case reflects that the trial court considered the circumstances that surrounded the incident prior to imposing a sentence that was within the permissible range under R.C. 2929.14. Upon review, this court cannot conclude that Morris's sentence was "contrary to law." *Page 7 
 {¶ 13} Finally, Morris contends that the trial court's sentence was an "afterthought." Specifically, after the court pronounced sentence, an off-the-record discussion was had between the court and defense counsel. The court then went back on the record, telling Morris that he had indicated an interest in incest and that the sentence was for the protection of his son.
 {¶ 14} A review of the record, however, reveals that the court had, prior to pronouncing the sentence, considered Morris's interest in incest, young children, and the fact that he has a young son. The court's further elaboration on that point was apparently at defense counsel's request, and not because it was a mere "afterthought."
 {¶ 15} Based on the above, the court's sentence was not contrary to law, and the sole assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
CHRISTINE T. McMONAGLE, J., CONCURS; SEAN C. GALLAGHER, P.J., CONCURS WITH SEPARATE CONCURRING OPINION
[1] Morris and the State argue in terms of an abuse of discretion standard. Following the Supreme Court of Ohio's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, there has been some confusion among the appellate districts regarding the standard of review to apply to maximum, consecutive, or more than minimum felony sentences. This evidently arose from the Foster court's holding that R.C. 2953.08(G) no longer applies insofar as it refers to the sentencing statutes that the court held unconstitutional and severed.Foster, supra at ¶ 99. Some appellate courts interpreted this to mean that Foster eliminated the clear and convincing standard "and left a void concerning the applicable standard of review in sentencing matters." State v. Saunders, 5th Dist. No. 2006-CA-00058,2007-Ohio-1080, ¶ 21. The Fifth District therefore reinstituted the abuse of discretion standard in reviewing the imposition of consecutive sentences. The Ninth District Court of Appeals has also interpretedFoster as eliminating the clear and convincing standard. State v.Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544. We, however, believe the correct standard of review, even after Foster, is that we may not disturb an imposed sentence unless we find by clear and convincing evidence that the sentence is not supported by the record or is otherwise "contrary to law," and follow our own cases (Moore andDonahue, supra), and the numerous other appellate districts, that have applied that standard. See State v. Johnson, 6th Dist. No. OT-07-007,2007-Ohio-6000, ¶ 11; State v. Rhodes, 12th Dist. No. CA2005-10-426,2006-Ohio-2401, ¶ 4; State v. Vickroy, 4th Dist. No. 06CA4,2006-Ohio-5461, ¶ 15; State v. White, 11th Dist. No. 2005-A-0086,2006-Ohio-5370, ¶ 13; State v. Sheppard, 1st Dist. Nos. C-060042, C-060066, 2007-Ohio-24, ¶ 16; State v. Parrish, 2d Dist. No. 21206,2006-Ohio-4161, ¶ 62; State v. Ramos, 3d Dist. No. 4-06-24,2007-Ohio-767, ¶ 23; State v. Warren, 7th Dist. No. 05 MA 91,2006-Ohio-1281, ¶ 12-17; State v. Rice, 12th Dist. No. CA2006-01-002,2006-Ohio-5511, ¶ 3.