{¶ 28} I write separately to express my disagreement with the standard of review applied by the majority. By its decision in Foster, the Ohio Supreme Court certainly expanded the discretion of our trial courts in fashioning more-than-minimum, maximum, and consecutive sentences. Id., at paragraph seven of the syllabus. However, in State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 4, fn. 1, the Supreme Court cautioned that the sentencing review statute, R.C. 2953.08(G) remains effective, though irrelevant to the statutory sections severed by Foster.
Consequently, I believe that in reviewing the balance of sentencing appeals, an appellate court must still make a de novo review of the record, and determine whether, "clearly and convincingly," that record fails to support any factual findings still required post-Foster, R.C. 2953.08(G)(2)(a); or, "[t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(b). My research indicates that as many as six of Ohio's twelve appellate districts continue to apply the sentencing review statute to the balance of sentencing appeals. See, e.g., State v. Moore, 12th Dist. No. CA2007-03-060,2008-Ohio-1477, at ¶ 5; State v. Johnson, 6th Dist. No. OT-07-007,2007-Ohio-6000, at ¶ 10-11; State v. Burton, 10th Dist. No. 06AP-690,2007-Ohio-1941, at ¶ 15-19; State v. Tish, 8th Dist. No. 88247,2007-Ohio-1836, at ¶ 12; State v. Sheppard, 1st Dist. Nos. C-060042 and C-060066, 2007-Ohio-24, at ¶ 16; State v. Vickroy, 4th Dist. No. 06CA4,2006-Ohio-5461, at ¶ 15; cf. State v. Carter, 11th Dist. No. 2006-P-0056, 2007-Ohio-4953, at ¶ 11-12.
 {¶ 29} That being said, and having fully reviewed the record from the trial court, I find no clear and convincing evidence that it erred in imposing the sentence appealed. Therefore, I concur. *Page 1