**[Cite as *State v. Withers*, 2011-Ohio-3054.]**

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   95437

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDRE T. WITHERS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-533565

**BEFORE:**   E. Gallagher, J., Sweeney, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   June 23, 2011
**ATTORNEYS FOR APPELLANT**

Matthew M. Nee
The Law Office of Matthew M. Nee
14701 Detroit Avenue
Suite 700
Lakewood, Ohio   44107

Nicholas A. Panagopoulos II
Nicholas A. Panagopoulos II, L.L.C.
The Gehring Building
1956 W. 25th St., Suite 302
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Denise J. Salerno
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶ 1} Andre T. Withers ("appellant"), appeals the sentence from the Cuyahoga County Court of Common Pleas pursuant to a guilty plea that he entered for attempted intimidation and aggravated menacing. Appellant argues that the trial court erred by not imposing a community control sanction in lieu of a prison sentence, that the trial court erred

by imposing the longest prison term permitted for a fourth degree felony without making requisite findings, and that he was denied effective assistance of counsel. For the following reasons we affirm.

{¶ 2} Appellant was indicted on February 16, 2010. Appellant's five count indictment included charges of intimidation of crime victim or witness (Count 1), aggravated menacing (Counts 2 and 3), and telecommunications harassment (Counts 4 and 5). Appellant initially pled not guilty to the indictment. On June 2, 2010, pursuant to a plea agreement between the state and appellant, the state moved to amend Count 1 to attempted intimidation, a felony of the fourth degree. The appellant entered pleas to the amended charge under Count 1 and to Count 2, aggravated menacing, a first degree misdemeanor. Counts 3, 4, and 5 were nolled. Appellant was referred for a presentence investigation report. On June 25, 2010, the trial court sentenced appellant to a prison term of eighteen months on count 1 and six months in the county jail on Count 2, to run concurrent to one another and he was advised of the possibility of three years of postrelease control. Appellant subsequently appealed raising the three assignments of error contained in the appendix of this opinion.

{¶ 3} Appellant's first assignment of error asserts that the trial court erred by imposing a prison sentence for his attempted intimidation conviction, a felony of the fourth degree, rather than a community control sanction.

{¶ 4} This court has recognized that we review felony sentences using the *Kalish* framework. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; *State v. Brunning*, Cuyahoga App. No. 95376, 2011-Ohio-1936. In *Kalish*, the Ohio Supreme Court applied a two-prong approach to appellate review of felony sentences. Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at ¶4. If this first prong is satisfied, then we review the trial court's decision under an abuse-of-discretion standard. Id. at ¶4 and 19.

{¶ 5} In the first step of our analysis, we must determine whether or not the sentence is contrary to law as required by R.C. 2953.08(G). "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Id. at ¶11, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶100. The *Kalish* court declared that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish* at ¶13. As a result, the trial court must still consider these statutes when imposing a sentence. Id.

{¶ 6} R.C. 2929.11(A) provides that:

"A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the

sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 7} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 8} Appellant argues the trial court erred in sentencing him to prison rather than community control for the fourth degree felony to which he pled guilty. Appellant contends that fourth degree felonies presumptively call for a community control sanction rather than imprisonment where the trial court fails to make findings under R.C. 2929.13(B).

{¶ 9} In regards to an offender convicted of a fourth or fifth degree felony, R.C. 2929.13(B)(2)(b) states that, "if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."

{¶ 10} In *Foster*, the Ohio Supreme Court observed that, "[c]ommunity control is the default sentence for felonies of the fourth and fifth degree, except for those identified as

mandatory prison offenses." *Foster* at ¶68. However *Foster* held that there is no *presumption* in favor of community control. Id. at ¶69. The Court in *Foster* stated, "[i]f no findings are made under R.C. 2929.13(B)(1)(a) through (i), the court must find that a community control sanction meets the principles of sentencing under R.C. 2929.11 before it must impose community control. Thus, a judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction could still impose a prison term." Id. at ¶69. Contrary to appellant's argument, R.C. 2929.13(B)(2)(b) does not prevent a court from imposing a prison term even in the absence of a R.C. 2929.13(B)(1)(a)-(i) finding, in instances where the trial court does not find that community control is a sufficient sanction. See *State v. Clay*, Cuyahoga App. No. 89763, 2008-Ohio-1415; *State v. Morris*, Cuyahoga App. No. 89425, 2008-Ohio-3026; *State v. Duncan*, Cuyahoga App. No. 87518, 2006-Ohio-5024.

{¶ 11} In the instant case, we do not find appellant's sentence to be contrary to law. The fact that the judge failed to make the R.C. 2929.13(B) findings does not preclude the imposition of a prison term. Id. The court, noting appellants past criminal history and struggles with drugs and alcohol, specifically found that appellant was not amenable to community control sanctions. In reaching this conclusion, the trial court acknowledged that it had considered the purposes of felony sentencing along with the appropriate recidivism and seriousness factors of R.C. 2929.12. The trial court sentenced appellant to a prison term

within the permissible statutory range for his convictions. On these facts, we cannot conclude that appellant's sentence is contrary to law.

{¶ 12} Having satisfied the first step, we next consider whether the trial court abused its discretion. *Kalish* at ¶4 and 19. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Id. at ¶19, quoting *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶ 13} The trial court did not abuse its discretion in imposing an eighteen month prison sentence in the present case. The trial court allowed appellant and his counsel to advocate a lighter sentence. The appellant's counsel acknowledged his long history of drug offenses and three prior prison terms. The court noted the seriousness of appellant's conduct and the chilling effect witness intimidation has upon the entire legal system. We find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. Accordingly, appellant's first assignment of error is overruled.

{¶ 14} In his second assignment of error appellant argues that the trial court erred by imposing the maximum prison term permitted for a fourth degree felony without making findings pursuant to R.C. 2929.14(C). Pursuant to the Ohio Supreme Court's decision in *Foster*, trial courts are no longer required to engage in judicial fact finding pursuant to R.C. 2929.14(C). Trial courts have full discretion to impose a prison sentence within the

statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence. *Foster* at ¶100. Appellant argues that the statutory provisions requiring judicial fact finding severed by *Foster* are revived pursuant to the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517. However, as acknowledged by the appellant, *Ice* dealt solely with the constitutionality of judicial fact finding in relation to the imposition of *consecutive sentences*, not judicial fact finding in relation to statutory ranges for prison terms. Furthermore, appellant's assertion that statutory provisions severed by *Foster* are necessarily revived by *Ice* is undercut by the Ohio Supreme Court's recent decision in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, wherein the Court rejected this argument in the context of Ohio's former consecutive-sentencing statutory provisions. Appellant's second assignment of error lacks merit and is overruled.

{¶ 15} In his third and final assignment of error appellant argues that he was denied effective assistance of counsel. In order to demonstrate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 16} Appellant argues that his trial counsel was ineffective for failing to move the

trial judge to recuse himself after jailhouse letters written by appellant to his former girlfriend came to the judge's attention. The letters, purportedly critical of, among others, the trial judge, have not been made part of the record on appeal. However, the trial judge at sentencing specifically addressed the letters:

{¶ 17} The Court: "* * * I'm not holding anything against you that you wrote in here about me. I understand where that comes from. Remember what you wrote about me?"

{¶ 18} Defendant: "Yes, I remember."

{¶ 19} The Court: "I totally understand that."

{¶ 20} The Defendant: "I was just, I mean no offense, your honor, it was just letters, I was just writing to get a response back."

{¶ 21} The Court: "That's — I totally understand. That's — I'd expect that from — I mean it's no problem at all."

{¶ 22} "* * *

{¶ 23} The Court: "So I totally understand that. I don't hold that against you.     * * *"

{¶ 24} R.C. 2701.03 provides that a judge may be disqualified when the judge "is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court."

{¶ 25} The term "bias or prejudice" "implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 58 O.O. 315, 132 N.E.2d 191.

{¶ 26} The statutory right to seek disqualification of a judge is an extraordinary remedy. *In re Disqualification of Hunter* (1988), 36 Ohio St.3d 607, 522 N.E.2d 461. A judge is presumed to follow the law in all respects. *In re Disqualification of Olivito* (1994), 74 Ohio St.3d 1261, 657 N.E.2d 1361, citing *In re Disqualification of Parks* (Aug. 26, 1993), No. 93-AP-060, unreported. Further, a judge is presumed to be unbiased and unprejudiced over the matters in which she or he presides. Id. "'Bias or prejudice on the part of a judge will not be presumed. In fact, the law presumes that a judge is unbiased and unprejudiced in the matters over which he presides, and bias or prejudice must be strong enough to overcome the presumption of his integrity.'" Id., quoting *State v. Baker* (1984), 25 Ohio Misc.2d 11, 12, 25 OBR 232, 495 N.E.2d 976, quoting 48A Corpus Juris Secundum (1981) 731, Judges, Section 108. The appearance of bias or prejudice must be compelling to overcome these presumptions. Id.

{¶ 27} The record here does not reflect that the trial judge intended to give appellant a more severe sentence based on language critical of the judge in appellant's letters. The trial

judge specifically addressed the letters and assured the appellant that he understood the context of the criticism and would not hold it against him for sentencing purposes. The record does not support a compelling case of bias in this instance and we conclude that appellant's trial counsel was not deficient in failing to request the judge's recusal. Appellant's third assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
KENNETH A. ROCCO, J., CONCUR

Appendix

*Assignment of Error No. 1*:
"The trial court erred by not imposing a community control sanction."

*Assignment of Error No. 2*:
"The trial court erred by imposing the longest prison term permitted for a fourth degree felony without making requisite findings."

*Assignment of Error No. 3*:
"Mr. Withers was denied effective assistance of counsel."