DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of Lucas County Court of Common Pleas, following a guilty plea, in which the trial court found appellant, Jason A. McIntosh, guilty of one count of attempted failure to comply with an order or a signal of a police officer, in violation of R.C. 2923.02 and 2921.331(B) and (C)(5)(a)(ii), a fourth degree felony, sentenced him to serve five years of community control and 90 days in a work release program, and suspended his operator's license for ten years. On appeal, appellant sets forth the following assignment of error: *Page 2 
 {¶ 2} "First Assignment of Error
 {¶ 3} "The trial court did not have statutory authority to issue a class two license suspension under R.C. § 4510.02(A)(2) when appellant entered a guilty plea to a charge of attempted failure to comply."
 {¶ 4} The relevant, undisputed facts are as follows. On August 28, 2006, a Toledo Metropolitan Park Ranger stopped appellant's vehicle for driving at an excessive rate of speed. When the officer attempted to shine a flashlight into the vehicle, appellant fled from the scene. A chase followed, which the officer eventually broke off because appellant's vehicle was traveling at too a high rate of speed. A check of the vehicle's license plate revealed that appellant owned the vehicle. Police officers eventually located the vehicle, which was still warm, and took it into police custody. The next day, appellant contacted the rangers' station to inquire about his vehicle, which appellant admitted he was driving the night before.
 {¶ 5} On September 11, 2006, the Lucas County Grand Jury indicted appellant on one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a third degree felony. After initially entering a not guilty plea, appellant agreed to plead guilty to one count of attempted failure to comply with an order or a signal of a police officer, a fourth degree felony.
 {¶ 6} On April 30, 2007, a plea hearing was held, at which the trial court inquired of appellant to ascertain that his plea was knowingly and voluntarily made. As part of the plea agreement, appellant's appointed counsel reserved the right to challenge any *Page 3 
suspension of appellant's operator's license that the trial court might impose. After noting that appellant had a lengthy record of driving offenses, and he was driving on August 28, 2006, without a valid license, the court accepted appellant's plea and found him guilty. The matter was referred to the pretrial/presentence department for investigation and a report.
 {¶ 7} On July 14, 2007, a sentencing hearing was held, at which appellant told the trial court that he had obtained full-time employment. Appellant's counsel reminded the trial court that, other than the charged offense and past traffic offenses, appellant had no criminal record. The trial court then stated:
 {¶ 8} "We note that this defendant is 24 years of age as he stands before the Court. He hasn't been adjudicated delinquent as to any felonies or misdemeanors and as an adult not convicted of any felonies or misdemeanors, but clearly when looking at his prior criminal contacts I'm not surprised that he was so arrogant and flagrant with his violations when he sped off that day because he loves to speed, he loves to drive without a license. As I understand it he did not have a valid license even on the date when he committed the present offense."
 {¶ 9} "* * * Mr. McIntosh, you are not a proper candidate to be driving. You have a serious, just an awful traffic record * * *."
 {¶ 10} On June 14, 2007, the trial court issued a judgment entry, in which it imposed a suspended 18 month prison sentence, placed appellant on five years of community control, and suspended his driver's license for ten years. A timely notice of *Page 4 
appeal was filed on June 20, 2007. On appeal, appellant challenges the trial court's authority to suspend his driver's license for ten years. In support, appellant argues that, although a class two license suspension is mandated by R.C. 2921.331(E), it is not mandated by R.C. 2923.02, the attempt statute.
 {¶ 11} An appellate court has authority to "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for re-sentencing" if we "clearly and convincingly find" that the record does not support the trial court's findings, or "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(b).
 {¶ 12} R.C. 2921.331 states, in relevant part, that:
 {¶ 13} "(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
 {¶ 14} "(C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.
 {¶ 15} "* * *
 {¶ 16} "(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:
 {¶ 17} "* * * *Page 5 
 {¶ 18} "(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.
 {¶ 19} "* * *
 {¶ 20} "(E) In addition to any other sanction imposed for a violation of this section, the court shall impose a class two suspension from the range specified in division (A)(2) of section 4510.02[1] of the Revised Code. * * * The court shall not grant limited driving privileges to the offender. * * *."
 {¶ 21} R.C. 2923.02, states, in relevant part, that:
 {¶ 22} "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.
 {¶ 23} "* * *
 {¶ 24} "(E)(1) Whoever violates this section is guilty of an attempt to commit an offense. * * * An attempt to commit any other offense is an offense of the next lesser degree than the offense attempted. * * *"
 {¶ 25} As set forth above, appellant pled guilty to, and was convicted of, attempting to commit a third degree felony, in violation of R.C. 2921.331. Pursuant to R.C. 2923.02, he is to be sentenced as though his offense was a fourth degree felony. It is undisputed that if appellant had been convicted of disobeying the order of a police *Page 6 
officer pursuant to R.C. 2921.331(B), the trial court would have been required to impose a class two license suspension pursuant to R.C. 4510.02. The question then becomes whether the sentence for attempted violation of R.C. 2921.331(B) is governed by the sentencing provisions of R.C. 2921.331(B).
 {¶ 26} In State v. Johnson (1999), 6th Dist. No. L-98-1144, which is factually analogous to this case, a defendant was charged with possession of cocaine, but pled guilty to attempted possession pursuant to R.C. 2923.02. On appeal, we were presented with the question of whether the trial court correctly imposed a sentence pursuant to R.C. 2925.11, instead of the more general provision of R.C. 2929.14(A)(2).
 {¶ 27} In analyzing the issue in Johnson, we first recognized the "`well-settled rule of statutory interpretation that statutory provisions be construed together and the Revised Code be read as an interrelated body of law.'" Id., quoting State v. Moaning (1996), 76 Ohio St.3d 126, 128. Ultimately, we held in that: "the attempt statute must always be read in conjunction with the statute proscribing the crime attempted and in light of the other sentencing statutes. In our view, the attempt statute provides that when a defendant is convicted of an attempt to commit a stated offense, the court shall look to the sentencing provisions applicable to that offense and then apply the sentence applicable to the offense of the next lesser degree than the offense attempted." Id. See, also, State v. Pringle (1999), 6th Dist. No. L-98-1275. (Penalties for cocaine possession were applicable to "attempts" to possess cocaine. Id, citing Johnson, supra.) *Page 7 
 {¶ 28} As set forth above, R.C. 2921.331(E) states that, in addition to other penalties imposed, any violation of that section requires a mandatory class two license suspension pursuant to R.C. 4510.02(A)(2), which is a definite period of three years to life. (Emphasis added.) The statute does not state what degree of offense is required before a license suspension is to be imposed. Without such a statutory distinction, the trial court had full authority, under R.C. 2921.331(E), to impose a license suspension. See State v. Duncan, 8th Dist. No. 87518, 2006-Ohio-5024, ¶ 24.
 {¶ 29} This court has reviewed the entire record that was before the trial court. After consideration thereof, and reading R.C. 2923.02 in conjunction with the sentencing provisions set forth in R.C. 2921.331(E), we find that: (1) the trial court had the legal authority to suspend appellant's license; and (2) the record clearly and convincingly supports the trial court's decision to suspend appellant's license for a period of ten years. Appellant's assignment of error is not well-taken.
 {¶ 30} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] Pursuant to R.C. 4510.02, a class two license suspension can range from three years to life. *Page 1