[Cite as *State v. Heidelberg*, 2019-Ohio-2257.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                        Court of Appeals No. E-17-046

        Appellee                                 Trial Court No. 2016-CR-450

v.

Andre Heidelberg                                **DECISION AND JUDGMENT**

        Appellant                                Decided:  June 7, 2019

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Anthony A. Battista III, Assistant Prosecuting Attorney,
for appellee.

Henry Schaefer, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Defendant-appellant, Andre Heidelberg, appeals the driver's license

suspensions imposed by the Erie County Court of Common Pleas in its July 18, 2017

judgment, following his convictions of attempted failure to comply with an order or

signal of a police officer and operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them.  For the reasons that follow, we reverse the trial court judgment, in part, and affirm, in part.

## I. Background

{¶ 2} On November 8, 2016, Andre Heidelberg was charged in a four-count indictment with (1) failure to comply with an order or signal of a police officer, a violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a third-degree felony; (2) operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, a violation of R.C. 4511.19(A)(1)(a) and (G)(1)(b), a first-degree misdemeanor; (3) operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, a violation of R.C. 4511.19(A)(2)(a), (A)(2)(b), and (G)(1)(b), a first-degree misdemeanor; and (4) operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, a violation of R.C. 4511.19(A)(1)(f) and (G)(1)(b), a first-degree misdemeanor.  These charges arose from a June 12, 2016 incident in which Heidelberg failed to stop in response to a signal from police officers, instead leading them on a high-speed chase that ended when Heidelberg crashed his motorcycle into a patrol car.  Following the crash, officers detected the odor of alcohol on or about him.

{¶ 3} On May 22, 2017, Heidelberg entered a plea of guilty to Count 1, amended to *attempted* failure to comply with an order or signal of a police officer, a violation of R.C. 2921.331(C)(4) and 2923.02(A), and Count 2.  Counts 3 and 4 were dismissed, and

2.

the state agreed to remain silent at sentencing. The trial court made a finding of guilt, ordered a presentence investigation report, and continued sentencing to July 13, 2017.

{¶ 4} The court sentenced Heidelberg to 12 months in prison on Count 1 and 180 days in jail on Count 2, to be served concurrently; imposed a "mandatory" lifetime driver's license suspension on Count 1 and a three-year driver's license suspension on Count 2; and imposed a fine of $375. His conviction and sentence were memorialized in a judgment entry journalized on July 18, 2017. Heidelberg appealed and assigns the following two errors for our review:

I. THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW.

II. THE COURT ABUSED ITS DISCRETION WHEN IT SENTENCED APPELLANT TO MAXIMUM LICENSE SUSPENSIONS.

## II. Law and Analysis

{¶ 5} Heidelberg challenges only the driver's license suspensions imposed for Counts 1 and 2. He argues in his first assignment of error that the lifetime suspension imposed for Count 1 was contrary to law. In his second assignment of error, he argues that the trial court abused its discretion when it imposed maximum license suspensions on both Counts 1 and 2. We consider each of these assignments in turn.

### A. The lifetime driver's license suspension.

{¶ 6} The trial court sentenced Heidelberg under R.C. 2921.331(E) on the attempted-failure-to-comply conviction, which requires the court to impose a class-two

3.

driver's license suspension. A class-two driver's license suspension is a suspension for a definite period of three years to life. R.C. 4510.02(A)(2). Heidelberg argues that he should not have been sentenced under R.C. 2921.331(E); he maintains that he should have been sentenced under the general sentencing statute—R.C. 2929.14—which does not provide for a driver's license suspension.

{¶ 7} We review a challenge to a felony sentence under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 8} In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, provides guidance in determining whether a sentence is clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b). In *Kalish*, the Ohio Supreme Court held that where the trial court expressly states that it considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences the defendant within the

4.

statutorily-permissible range, the sentence is not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ **9**} Heidelberg was indicted for failure to comply under R.C. 2921.331(B) and (C)(5)(a)(ii)—a third-degree felony; however, he entered a plea to *attempted* failure to comply under R.C. 2921.331(C)(4)—a fourth-degree felony—and the attempt statute, R.C. 2923.02(A). The reduction to an attempt offense rendered Count 1 a fifth-degree felony under R.C. 2923.02(E)(1), which provides as follows:

> Whoever violates this section is guilty of an attempt to commit an offense. An attempt to commit aggravated murder, murder, or an offense for which the maximum penalty is imprisonment for life is a felony of the first degree. An attempt to commit a drug abuse offense for which the penalty is determined by the amount or number of unit doses of the controlled substance involved in the drug abuse offense is an offense of the same degree as the drug abuse offense attempted would be if that drug abuse offense had been committed and had involved an amount or number of unit doses of the controlled substance that is within the next lower range of controlled substance amounts than was involved in the attempt. *An attempt to commit any other offense is an offense of the next lesser degree than the offense attempted * * *.* (Emphasis added.)

{¶ **10**} The issue here is whether the trial court properly sentenced Heidelberg under R.C. 2921.331(E)—which would require a class-two license suspension for a

conviction of failure to comply—or whether it was limited to sentencing him under the general sentencing statute, R.C. 2929.14, because the offense was reduced to an attempt. R.C. 2929.14 permits the trial court to impose a prison term of six, seven, eight, nine, ten, eleven, or twelve months for a fifth-degree felony, but makes no provision for suspending an offender's driver's license. If Heidelberg was properly sentenced under R.C. 2921.331(E), this means that the trial court was authorized to suspend his driver's license on Count 1.

{¶ 11} We considered this issue in *State v. McIntosh*, 6th Dist. Lucas No. L-07-1208, 2008-Ohio-2881. In *McIntosh*, the defendant was indicted on one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a third-degree felony. He ultimately entered a plea of guilty to attempted failure to comply with an order or a signal of a police officer, in violation of R.C. 2923.02 and 2921.331(B) and (C)(5)(a)(ii), a fourth-degree felony. The trial court sentenced the defendant to five years' community control and 90 days in a work release program, and suspended his operator's license for ten years. On appeal, appellant argued that the trial court did not have statutory authority to issue the license suspension for attempted failure to comply. He argued that although a class-two license suspension is mandated by R.C. 2921.331(E), it is not authorized under R.C. 2923.02, the attempt statute.

{¶ 12} In resolving the issue, we looked to our own decision in *State v. Johnson*, 6th Dist. Lucas No. L-98-1144, 1999 Ohio App. LEXIS 795 (Mar. 5, 1999). In *Johnson,*

6.

the defendant was charged with possession of cocaine, but pled guilty to attempted possession of cocaine. On appeal, we were presented with the question of whether the trial court correctly sentenced appellant under R.C. 2925.11, or whether it should have sentenced him under the general penalty provision of R.C. 2929.14(A)(2). We stated in *Johnson* that "the attempt statute must always be read in conjunction with the statute proscribing the crime attempted and in light of the other sentencing statutes." *Id.* at *5. We concluded that "the attempt statute provides that when a defendant is convicted of an attempt to commit a stated offense, the court shall look to the sentencing provisions applicable to that offense and then apply the sentence applicable to the offense of the next lesser degree than the offense attempted." *Id.* at *2. In other words, we concluded in *Johnson* that because the defendant was convicted of an attempt to commit first-degree felony drug possession, the defendant was required to be sentenced under R.C. 2925.11 as though she had committed second-degree felony drug possession.

{¶ 13} Relying on *Johnson,* we held in *McIntosh* that "reading R.C. 2923.02 in conjunction with the sentencing provisions set forth in R.C. 2921.331(E)," the trial court properly suspended the defendant's license for ten years. *See also State v. Duncan*, 8th Dist. Cuyahoga No. 87518, 2006-Ohio-5024, ¶ 16 (rejecting defendant's position that trial court was authorized to impose lifetime license suspension only for an *actual* violation of R.C. 2921.331, and not for an *attempt* to violate this statute).

{¶ 14} But in relying on *Johnson* when we decided *McIntosh,* we overlooked an important distinction. The defendant in *Johnson* was convicted of attempted possession

7.

of cocaine. Possession of cocaine is a drug abuse offense under R.C. 2925.01(G)(1).

Importantly, so is *attempted* possession of cocaine. *See* R.C. 2925.01(G)(4) (defining

"drug abuse offense" to include an "attempt to commit" any of the drug abuse offenses

enumerated in R.C. 2925.01(G)(1)). The Eighth District in *State v. Garner*, 8th Dist.

Cuyahoga Nos. 97948, 97949, 2012-Ohio-3262, explained why this is important.

{¶ 15} In *Garner*, the defendant was indicted for failure to comply, in violation of

R.C. 2921.331(B) and (C)(5)(a)(ii), a felony of the third degree. He entered a plea of

guilty to attempted failure to comply, in violation of R.C. 2923.02 and 2921.331(B) and

(C)(5)(a)(ii), a felony of the fourth degree. After violating his initially-imposed

community-control sanctions, the trial court sentenced the defendant to six months in

prison, which it ran consecutively to a sentence imposed in another case. The trial court

determined that consecutive sentences were mandated under R.C. 2921.331. *See* R.C.

2921.331(D) ("If an offender is sentenced pursuant to division (C)(4) or (5) of this

section for a violation of division (B) of this section, and if the offender is sentenced to a

prison term for that violation, the offender shall serve the prison term consecutively to

any other prison term or mandatory prison term imposed upon the offender.").

{¶ 16} On appeal, the defendant insisted that the trial court incorrectly concluded

that consecutive sentences were required. He argued that because he was convicted of

*attempted* failure to comply, rather than failure to comply, the general sentencing statute,

R.C. 2929.14(A)(4), controlled the trial court's sentencing options—not R.C.

2921.331(D).

8.

**{¶ 17}** In considering the defendant's argument, the court reviewed its own decision in *State v. Hall*, 8th Dist. Cuyahoga No. 76374, 2000 Ohio App. LEXIS 2915 (June 29, 2000), and the Ohio Supreme Court's decision in *State v. Taylor* 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37. In *Hall*, the defendant pled guilty to attempted drug possession, a felony of the second degree. In addition to a prison term, he was sentenced under R.C. 2925.11(E) to a $15,000 fine and a five-year driver's license suspension. He argued on appeal that he should have been sentenced under the attempt statute. The Eighth District rejected his position. It held that "attempted drug possession is not a separate and distinct crime from possession of drugs, but rather it is incorporated into the offense." *Hall* at *5. The defendant was, therefore, subject to the penalties provided for drug possession offenses under R.C. 2925.11.

**{¶ 18}** Similarly, in *Taylor,* the Ohio Supreme Court was asked to resolve the issue of "'whether a conviction for an attempted drug offense that would have been, if successfully completed, a first-degree felony, but which becomes a second-degree felony by virtue of the fact that it is merely an attempt to commit an offense, is subject to the mandatory prison term provisions in R.C. 2925.11.'" *Garner* at ¶ 15, citing *Taylor* at ¶ 1. The Ohio Supreme Court held that the sentencing provisions in R.C. 2925.11, the "possession of drugs" statute, applied—and not the general felony sentencing statutes— because an attempted possession of drugs is incorporated into the possession offense and is not a separate and distinct crime from possession of drugs.

**{¶ 19}** The Eighth District observed that the legislative notes to R.C. 2923.02 explain that with three exceptions, the attempt statute "establishes an attempt to commit any offense as an offense in itself." *Garner* at fn. 1, quoting the 1973 Legislative Service Comments attached to R.C. 2923.02. Those three exceptions are "an attempt to commit conspiracy, an attempt to commit a minor misdemeanor, and an attempt to commit any offense which in itself is defined as an attempt — in these cases, attempt is not an offense." *Id.*

**{¶ 20}** Ultimately, the Eighth District found that *Hall* and *Taylor* were distinguishable from the case before it because "unlike the statute governing 'drug abuse offenses,' the crime of 'attempted failure to comply' is not one of the crimes delineated in R.C 2921.331." *Garner* at ¶ 17. Thus, it explained, there is "no basis to conclude that the legislature intended 'attempted failure to comply' to be a crime incorporated in R.C. 2921.331." *See also State v. Wilson*, 1st Dist. Hamilton No. C-090436, 2010-Ohio-2767, ¶ 7 (finding no basis to conclude that legislature intended "attempted failure to register" to be a crime incorporated in R.C. 2950.99). The court concluded that the defendant should have been sentenced under the general sentencing provisions of R.C. 2929.14—not the specific provision of R.C. 2921.331.

**{¶ 21}** We now reach the same conclusion as the *Garner* court. As *Garner* recognized, the legislature did not incorporate attempted failure to comply with a signal or order of a police officer into R.C. 2921.331. *Compare with, e.g.*, R.C. 2925.01(G)(4) (defining "drug abuse offense" to include "attempt to commit * * * any offense under

division (G)(1), (2), or (3) of this section") and R.C. 2901.01(A)(9)(d) (defining "offense of violence" to include "attempt to commit * * * any offense under division (A)(9)(a), (b) or (c) of this section."). Attempted failure to comply with a signal of a police officer is therefore a separate offense that is subject to the general sentencing provisions set forth in R.C. 2929.14. R.C. 2929.14(B)(5) authorizes the trial court to impose a prison term of six, seven, eight, nine, ten, eleven, or twelve months for the fifth-degree felony of which Heidelberg was convicted, but it does *not* authorize a driver's license suspension. To the extent that we held otherwise in *McIntosh,* 6th Dist. Lucas No. L-07-1208, 2008-Ohio-2881, we overrule that decision. And to the extent that the trial court here imposed a lifetime driver's license suspension, we find that this suspension was contrary to law.

{¶ 22} We, therefore, find Heidelberg's first assignment of error well-taken, and we vacate the trial court sentence to the extent that it imposed a lifetime driver's license suspension.

### B. The three-year driver's license suspension.

{¶ 23} In his second assignment of error, Heidelberg challenges the trial court's imposition of the "maximum" three-year driver's license suspension on Count 2.[1] "We review a misdemeanor sentence under an abuse-of-discretion standard." *State v. Jones*, 6th Dist. Lucas No. L-16-1014, 2017-Ohio-413, ¶ 8.

---

[1] Given our resolution of Heidelberg's first assignment of error, we need not address the maximum lifetime suspension in the context of his second assignment of error.

**{¶ 24}** Heidelberg entered a plea of guilty to—and was convicted of—Count 2 of the indictment. The indictment and the plea form indicate that Heidelberg was charged and convicted under R.C. 4511.19(A)(1)(a) and (G)(1)(b); (G)(1)(b) applies where the offender has been convicted of or pleaded guilty to R.C. 4511.19(A) or (B) within ten years of the present conviction. But the judgment entry entered after sentencing states only that Heidelberg was found guilty of R.C. 4511.19(A)(1)(a); it does not reference (G)(1)(b).

**{¶ 25}** Operating under the presumption that he was sentenced as a first-time offender under (G)(1)(a), Heidelberg claims that the trial court could impose a license suspension ranging from six months to three years, but that the trial court mistakenly believed that a three-year suspension was mandatory. He maintains that the trial court, therefore, abused its discretion in imposing the maximum three-year suspension.

**{¶ 26}** The state points out that under R.C. 4511.19(G)(1)(b), the trial court was actually authorized to impose a license suspension of one to seven years. It argues that the trial court did not err when it imposed a three-year suspension because it was within the permissible range. The state maintains that any error here inured to Heidelberg's benefit if, in fact, the court sentenced him under (G)(1)(a), as Heidelberg contends. And it insists that any potential error is harmless given that the three-year suspension was ordered concurrent and is subsumed by the lifetime license suspension.

**{¶ 27}** Given our resolution of Heidelberg's first assignment of error, it is clear that any error here would not be harmless. Having said that, reading the May 24, 2017

12.

"judgment entry of plea" together with the July 18, 2017 judgment entry, we conclude that the penalties provided in R.C. 4511.19(G)(1)(b) applied to Heidelberg's conviction. R.C. 4511.19(G)(1)(b)(iv) required the court to impose a license suspension ranging from one to seven years—i.e., a suspension was mandatory. Given Heidelberg's extensive criminal record and the circumstances giving rise to his conviction, we find no abuse of discretion in the trial court's imposition of a three-year license suspension, a period far less than the maximum permitted under the statute.

{¶ 28} Accordingly, we find Heidelberg's second assignment of error not well-taken.

### III. Conclusion

{¶ 29} We find that attempted failure to comply with a signal or order of a police officer is a separate offense not incorporated into R.C. 2921.331, thus it is subject to the general sentencing provisions set forth in R.C. 2929.14—not those provided in R.C. 2921.331. We find Heidelberg's first assignment of error well-taken.

{¶ 30} We find that the trial court did not impose a maximum license suspension for Heidelberg's misdemeanor conviction of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them, and the trial court did not abuse its discretion in imposing a three-year suspension. We find Heidelberg's second assignment of error not well-taken.

13.

**{¶ 31}** We reverse the July 18, 2017 judgment of the Erie County Court of Common Pleas and vacate the lifetime driver's license suspension imposed on Count 1. We otherwise affirm the trial court's judgment. The state is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed, in part,<br>
and affirmed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.