[Cite as *Maumee v. Wallace*, 2020-Ohio-2652.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Maumee                      Court of Appeals No. L-19-1093

    Appellee                                              Trial Court No. 19CRB00141

v.

Stacy S. Wallace                                       **DECISION AND JUDGMENT**

    Appellant                                            Decided:  April 24, 2020

* * * * *

Sarah R. Anjum, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Stacy Wallace, appeals the judgment of the Maumee Municipal Court, convicting her of one count of attempted petty theft in violation of R.C. 2913.02 and 2923.02, a misdemeanor of the second degree, and sentencing her to pay a fine of $272 plus court costs.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On February 13, 2019, a criminal complaint was filed charging appellant with one count of theft in violation of R.C. 2913.02, a misdemeanor of the first degree, based upon the allegation that appellant took approximately $72 in merchandise from a Meijer store.

{¶ 3} On February 26, 2019, appellant appeared for arraignment, at which she was determined to be indigent. A public defender was appointed for her, and she entered an initial plea of not guilty.

{¶ 4} On February 28, 2019, appellant entered into a plea agreement with the city whereby she agreed to plead no contest to the amended charge of attempted petty theft in violation of R.C. 2913.02 and 2923.02, a misdemeanor of the second degree. The trial court accepted the plea, found her guilty, and continued the matter for preparation of a presentence investigation report.

{¶ 5} The sentencing hearing was held on April 4, 2019. At the hearing, counsel for appellant stated in mitigation that she has a degree in medical billing and coding, and that she has stable employment. Counsel also offered that appellant has acknowledged that her actions were wrong. The court then sentenced appellant to 90 days in jail, with 70 days suspended, and the remaining 20 days to be served on electronic home monitoring. The court found that appellant was indigent for purposes of the fees associated with the electronic home monitoring. The court also ordered appellant to be

2.

placed on inactive probation for three years. Finally, the court ordered appellant to pay a fine of $272 plus court costs.

## II. Assignment of Error

{¶ 6} Appellant has timely appealed her judgment of conviction, and now asserts one assignment of error for our review:

> 1. The trial court erred in imposing fines on Appellant after finding she is indigent.

## III. Analysis

{¶ 7} We review misdemeanor sentences for an abuse of discretion. *State v. Heidelberg*, 2019-Ohio-2257, 138 N.E.3d 537, ¶ 23 (6th Dist.). An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 8} In her assignment of error, appellant argues that because the trial court found her indigent for purposes of the costs of electronic home monitoring, it should have ordered her to serve community service in lieu of paying a fine. Alternatively, she argues that the fine should be waived.

{¶ 9} R.C. 2929.28(A) provides that "In addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a misdemeanor, including a minor misdemeanor, may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section."

3.

One of those financial sanctions is a fine of not more than $750 for a misdemeanor of the second degree.  R.C. 2929.28(A)(2)(a)(ii).

{¶ 10} R.C. 2929.28(B) provides, "If the court determines a hearing is necessary, the court may hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs."  "If the court determines that the offender is indigent and unable to pay the financial sanction or court costs, the court shall consider imposing and may impose a term of community service under division (A) of section 2929.27 of the Revised Code in lieu of imposing a financial sanction or court costs."  *Id.*

{¶ 11} "Ohio courts have interpreted R.C. 2929.28(B) to mean that a hearing to determine ability to pay is not required; however, there must, at minimum, be some evidence in the record that the court considered the defendant's present and future ability to pay the sanction imposed."  *Maumee v. Hensley*, 6th Dist. Lucas No. L-18-1205, 2019-Ohio-2050, ¶ 12, quoting *State v. Rhoda*, 6th Dist. Fulton No. F-06-007, 2006-Ohio-6291, ¶ 15.

{¶ 12} In *Hensley*, we determined that the record was devoid of any indication that the court considered the defendant's present and future ability to pay.  *Id.* at ¶ 13.  In that case, the defendant was homeless, was suffering from physical and mental health issues, and had been drug dependent for decades.  Further, there was no discussion of the defendant's education, employment history, ability to work, or alternative sources of income.  *Id.*

4.

**{¶ 13}** Here, in contrast, appellant stated in mitigation that she has a degree in medical billing and coding and has stable employment. Moreover, prior to imposing the sentence, the trial court announced that it considered the statements made in mitigation. Therefore, we hold that there is some evidence in the record that the trial court considered appellant's present and future ability to pay, and thus the trial court did not abuse its discretion when it imposed the $272 fine.

**{¶ 14}** Accordingly, appellant's assignment of error is not well-taken.

### IV. Conclusion

**{¶ 15}** For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Maumee Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.            _____
                                               JUDGE

Christine E. Mayle, J.           

Gene A. Zmuda, P.J.            _____
CONCUR.                                               JUDGE

_____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.